# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| IN THE MATTER OF LOWCOUNTRY WATERSPORTS, LLC, AS OWNER OF TWO 2023 YAMAHA VX WAVERUNNERS FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CASE NO.: 9:24-cv-05144-DCN |

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Petitioner Lowcountry Watersports, LLC ("**Petitioner**"), as owner of a 2023 Yamaha VX Waverunner "#23" and a 2023 Yamaha VX Waverunner "#28" brings this action and complaint, pursuant to 46 U.S.C. §§ 30501, *et seq.*, Rule 9(h) of the *Federal Rules of Civil Procedure*, and Rule F of the *Supplemental Rules for Admiralty or Maritime Claims*, in a cause for exoneration from and/or limitation of liability, within the admiralty and maritime jurisdiction of this Court. Petitioner alleges upon information and belief as follows:

1.      All and singular, the following premises are within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim brought pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the *Federal Rules of Civil Procedure*.

2.      The subject vessels are a 2023 Yamaha VX Waverunner "#23" bearing HIN YAMA2951J223, South Carolina registration SC-1154-EC, constructed of fiberglass with gas propulsion, and a 2023 Yamaha VX Waverunner "#28" bearing HIN YAMA3001J223, South Carolina Registration SC-1152-EC, constructed of fiberglass with gas propulsion, collectively referred to herein as the "**Vessels**" and individually as "**#23**" and "**#28**." The Vessels are subject to the Shipowners Limitation of Act, 46 U.S.C. §§ 30502(a).

1

3. At all times pertinent to this cause, Petitioner was a company organized and existing under the laws of the State of South Carolina, with its principal place of business in Hilton Head, South Carolina, and was and is the owner of the Vessels.

4. Petitioner used due diligence to make the Vessels seaworthy, and they were, at the time of the casualty herein, tight, staunch, strong, and fully and properly equipped, and in all respects seaworthy and fit for the service in which they were engaged.

5. On or about September 30, 2023, Waverunner "# 28" was leased, rented, and/or chartered from Petitioner to Michael Winkler, Sr., subject to a "Release of Liability, Assumption of Risk, Waiver of Claims, Indemnification & Binding Arbitration Agreement," attached hereto as **Exhibit A1-2.**

6. On or about September 30, 2023, Waverunner "# 23" was leased, rented, and/or chartered from Petitioner to Tommie W. Priester, subject to Petitioner's "Release of Liability, Assumption of Risk, Waiver of Claims, Indemnification & Binding Arbitration Agreement," attached hereto as **Exhibit A3-4.**

7. On or about September 30, 2023, the voyage commenced and terminated at Palmetto Bay Marina, located at 86 Helmsman Way Hilton Head Island, South Carolina 29928. At the time of the casualty, the Vessels were under way upon the navigable waters of Calibogue Sound adjacent to Hilton Head Island in Beaufort County, South Carolina.

8. During the voyage and upon information and belief, Tommie Priester operating Waverunner "#23" struck Michael Winkler aboard Waverunner "#28" resulting in injuries to Michael Winkler and damages to both Waverunner "#23" and Waverunner "#28."

9. As a result of the alleged incident occurring on or about September 30, 2023, certain

parties have alleged, and others may in the future allege damages and/or losses subject to limitation pursuant to 46 U.S.C. § 30523.

10. The aforementioned alleged incident, injuries, and damages were not due to any fault, neglect, or want of care on the part of Petitioner or anyone for whom Petitioner may be responsible.

11. The aforementioned alleged incident, injuries, and damages were occasioned and occurred without the privity or knowledge of Petitioner, and this matter is timely filed within six months from receipt of written notice of a limitable claim.

12. At the time of filing, Petitioner has knowledge of the following individuals having potential claims subject to limitation:

- Michael Winkler, Sr., through his attorney, Laura Robinson, TED Law, 1075-A East Montaque Ave North Charleston, South Carolina 29405.

13. Other than the potential claimant listed above, Petitioner is unaware of any other demands, unsatisfied liens, or claims of liens, whether in contract or in tort, against the Vessels or any other pending suits against Petitioner or the Vessels. Petitioner is unaware of any specific sum certain demands at this time.

14. As set forth in the attached Declaration of Vessel Value, attached hereto as **Exhibit B**, Petitioner's interest in the Vessels immediately after the incident was $18,000.00. There was no pending freight.

15. Venue is proper as the casualty occurred upon the navigable waters within the District in Beaufort County, South Carolina, and the Vessels are currently located within the District pursuant to Rule F(9) of the Supplemental Admiralty Rules.

16. As security for value and for costs pursuant to Rule F(1), a Letter of Undertaking

is submitted contemporaneously herewith for the Court's consideration and approval, in the amount of $19,000.00, which includes the value of Petitioner's interest in the Vessels at the end of the voyage ($18,000.00) as well as security for costs in the amount of $1,000.00, with interest at six (6%) percent per annum from its date, pursuant to Supplemental Rule F(1), executed by duly authorized agents for Petitioner's liability insurers, attached hereto as **Exhibit C**.

17.     Petitioner claims exoneration from liability for any and all injuries, losses, or damages occurring as a result of the alleged incident and for any and all alleged claims arising therefrom. Petitioner alleges that it has valid defenses thereto on the facts and on the law.

18.     Petitioner affirmatively denies all liability; however, should Petitioner be held liable to any degree to anyone, the liability should be limited to and not exceed the value of Petitioner's interest in the Vessels as they lay immediately after the casualty, in the maximum aggregate of $18,000.00.

19.     Should it later appear that Petitioner is or may be liable and that the amount or value of its interests in the Vessels, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum represented by the Letter of Undertaking, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the *Federal Rules of Civil Procedure*, including the *Supplemental Rules*, the general maritime law, and by the rules and practices of the Court.

WHEREFORE, the premises considered, Petitioner prays the Court accept this Complaint for Exoneration or Limitation of Liability and the attached Declaration of Vessel Value and Letter

of Undertaking as provided in Rule F and further grant Petitioner the additional relief sought in its contemporaneously filed Motion for Interim Relief and Entry of a Concursus Order.

        Respectfully submitted,

        PHELPS DUNBAR LLP

        */s/ Justine M. Tate*
        Robert M. Kennedy, Jr., SC Bar # 102288
        D.S.C. Federal Court ID No. 12270
        Justine M. Tate, SC Bar # 101561
        D.S.C. Federal Court ID No. 12243
        4141 Parklake Avenue, Suite 530
        Raleigh, North Carolina 27612-3723
        (919) 789-5300
        robert.kennedy@phelps.com
        justine.tate@phelps.com

        */s/ E. Barrett Hails*
        E. Barrett Hails
        (*pro hac vice motion to be filed*)
        101 Dauphin Street, Suite 1000
        Mobile, Alabama 36602
        (251) 432-4481
        barrett.hails@phelps.com

        *Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

    I do hereby certify that I have, on September 18, 2024, submitted the above through the Court's CM/ECF system which will electronically serve all counsel of record.

        */s/ Justine M. Tate*
        Justine M. Tate,